**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey A. PLEASANT, a/k/a Jeffrey A.**
**Pleasants, Defendant–Appellant.**

No. 13–7102.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 22, 2013.

Decided: Aug. 27, 2013.

Jeffrey A. Pleasant, Appellant pro se. Stephen Wiley Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey A. Pleasant seeks to appeal the district court's orders treating his Fed. R.Civ.P. 60(b) motion and his " 'Notice of Hearing' Motion to Remand" as successive 28 U.S.C.A. § 2255 (West Supp.2013) motions, and dismissing the motions on that basis. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substan-tial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists. would find that the district court's assess-ment of the constitutional claims is debata-ble or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debata-ble, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Pleasant has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Pleasant's no-tice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Wines-tock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a suc-cessive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reason-able factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (West Supp.2013). Pleasant's claims do not satisfy either of these criteria. Therefore, we deny author-ization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*